UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ERIC LEE HACKETT, | ) | 1:09-cv-00855 OWW YNP DLB HC |
| | ) | |
| Petitioner, | ) | |
| | ) | ORDER DENYING PETITIONER'S |
| v. | ) | MOTION FOR SUBPOENA OF JOHN |
| | ) | DYERS |
| CITY OF FRESNO, et al., | ) | |
| | ) | [Doc. #9] |
| Respondents. | ) | |
| | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On June 25, 2009, Petitioner moved the Court to issue a subpoena for John Dyers, Petitioner's trial counsel. Petitioner claims that Mr. Dyers "tried to locate the surveillance camera a the City of Fresno FAX Area Express Transit yard." (Doc. #9 at1). Petitioner is in prison for assault and battery of a city bus driver on a city bus. (Pet. at 1). Presumably, Petitioner seeks to have Mr. Dyers testify to the fact that he could not locate the surveillance camera for the bus on which the incident occurred. Petitioner does not state how he thinks this evidence will help prove any of the grounds asserted in his petition.

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." <u>Bracy v. Gramley</u>, 520 U.S. 899, 903-05 (1997). Rule 6(a) of the Rules Governing Section 2254 Cases provides that "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of

discovery." See also Rich v. Calderon, 187 F.3d 1064, 1068 (9th Cir.1999) ("[D]iscovery is available only in the discretion of the court and for good cause shown"). Further, Rule 6(b) states that the party requesting discovery "must provide reasons for the request" and *inter alia*, "must specify any requested documents."

Thus far in this habeas proceeding there have been no hearings scheduled so even if the Court were to grant to subpoena, there would be no arena in which Mr. Dyers could give his testimony. Furthermore, Respondent has not even been ordered to respond to the petition yet. Discovery would serve no purpose at this point. Therefore, Petitioner fails to demonstrate good cause. His request for discovery is DENIED.

IT IS SO ORDERED.

Dated: **June 26, 2009**              **/s/ Dennis L. Beck**
                                      UNITED STATES MAGISTRATE JUDGE